## STANDARD MILLING CO. v. DE PASS et al.

(Supreme Court, Appellate Division, First Department. January 10, 1913.)

1. EVIDENCE (§ 400*)—PAROL EVIDENCE—CONTRACT—SALES.

    A broker's bought and sold note, which contained all of the terms of the contract, including the parties, price, and time of shipment, is subject to the rule against varying a written instrument by parol.

    [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1778–1793; Dec. Dig. § 400.*]

2. SALES (§ 272*)—IMPLIED WARRANTY OF QUALITY.

    The law would imply a seller's agreement that rice sold was of a merchantable quality.

    [Ed. Note.—For other cases, see Sales, Cent. Dig. § 747; Dec. Dig. § 272.*]

3. EVIDENCE (§ 441*)—PAROL EVIDENCE—CONTRACT—SALES.

    Where a written contract for the sale of rice expressly required merchantable rice, evidence that the sale was by sample and the rice shipped did not correspond to the sample was not admissible, as varying the contract.

    [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1719, 1723–1763, 1765–1845, 2030–2047; Dec. Dig. § 441.*]

4. APPEAL AND ERROR (§ 1050*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

    Error in admitting evidence that a sale of rice was by sample and that shipped did not correspond to the sample, which was the basis of the court's action in directing a verdict for defendants in an action for the purchase price, was prejudicial to plaintiff.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. § 1050.*]

5. SALES (§ 168½*)—INSPECTION—REJECTION.

    Where purchasers of rice reserved the right to examine it before acceptance, and did examine and reject it, title did not pass to them, so that they could not be compelled to accept the rice, and recover, by way

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

of counterclaim, damages for its defective quality, but could resist an action for its price on the ground of breach of contract.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 409–421; Dec. Dig. § 168½.*]

Appeal from Special Term, New York County.

Action by the Standard Milling Company against Eliot A. De Pass and others. From an order setting aside a verdict for defendants and granting a new trial, defendants appeal. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

Percival H. Gregory, of New York City, for appellants.
George H. Gilman, of New York City, for respondent.

McLAUGHLIN, J. Action to recover a portion of the purchase price of 3,000 pockets of rice sold by plaintiff, a Louisiana corporation, to defendants, who were copartners doing business under the name of A. S. Lascelles & Co. The contract under which the rice was sold was made in New York through the brokerage firm of A. P. Topping & Co., acting on behalf of plaintiff. It was evidenced by a bought and sold note, reading as follows:

New York, April 25, 1908.

Sold for account of Bayou City Rice Mills to Messrs. A. S. Lascelles & Co.

| Marks | Barrels. | Pockets. |
|-------|----------|----------|
| #157 |          | 3000 Rice at 3¢ per lb. f. o. b. Houston, Texas. |
|       |          | Packed in double pockets. |
|       |          | Immediate shipment, no insurance. |

Terms Net Cash, S/D attached to B/L privilege of examination.

A. P. Topping & Co., Brokers.

The name Bayou City Rice Mills was a trade-name used by the plaintiff in its dealings in rice. A few days after the agreement was entered into, the plaintiff, in accordance with instructions from the defendants, shipped the rice in question to Galveston, Tex., and drew drafts upon defendants for the purchase price, with the bills of lading attached. On June 18, 1908, defendants wrote plaintiff a letter, stating that they had examined the rice at Galveston, and were compelled to refuse to accept the same as a delivery under the contract. On being asked for the reason of the rejection, they replied by letter that the rice was not of the same quality as the sample upon which the contract was made. Thereupon plaintiff gave defendants notice of the time and place where the rice would be sold at public auction for their account. The sale took place according to the notice, and the plaintiff, being the highest bidder, purchased the same, paying therefor $7,650. After deducting the expenses of the sale and transportation, the net proceeds were credited upon the purchase price, and there still remained a balance of $1,889.35 which the plaintiff claims to be due from the defendants, and to recover which, together with interest, this action was brought. At the conclusion of the trial, the court directed a verdict in favor of the defendants, which it sub-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sequently set aside and granted a new trial, on the ground that error had been made in admitting parol evidence that the sale of the rice was by sample, and also upon the ground that, if the rice shipped did not correspond to the sample, the defendants, nevertheless, were bound to accept it and plead as a counterclaim the damages sustained by reason thereof.

[1] There is no dispute between the parties that the bought and sold note was the contract made between them. It embodied all the terms of the agreement, and is therefore subject to the well-settled rule against varying a written instrument by parol evidence. Thomas v. Scutt, 127 N. Y. 133, 27 N. E. 961; Eighmie v. Taylor, 98 N. Y. 288; Williamson v. Seeley, 22 App. Div. 389, 48 N. Y. Supp. 196.

[2] The agreement called for merchantable rice. This the law implied (Carleton v. Lombard, Ayres & Co., 149 N. Y. 137, 43 N. E. 422; Gaylord Mfg. Co. v. Allen, 53 N. Y. 515), but, as varied by the parol evidence, it would require the delivery of rice which corresponded with the sample (Henry & Co. v. Talcott, 175 N. Y. 385, 67 N. E. 617; Bach v. Levy, 101 N. Y. 511, 5 N. E. 345).

In Filkins v. Whyland, 24 N. Y. 338, the agreement between the parties read as follows:

Troy, Nov. 19, '52.

C. B. Filkins Bo't of G. Whyland,

1 Horse.......................................................... $150.00
               Received payment.                    G. Whyland.

It was sought by the vendee to prove by parol evidence that at the time of the sale the vendor expressly warranted the horse to be sound. The evidence was excluded, and the plaintiff nonsuited. In affirming the judgment Judge Wright, who delivered the opinion of the court, referring to the agreement, said:

"If it is to be regarded and treated as the contract of the parties for the purchase and sale of the horse, reduced to writing after verbal representations and stipulations, then; as it contains no warranty, it was inadmissible to add to or vary such contract by parol testimony tending to prove a warranty."

The agreement here under consideration is, in some respects, similar to the one passed upon in Wiener v. Whipple, 53 Wis. 298, 10 N. W. 433, 40 Am. Rep. 775. There the agreement read:

Bought of Cass Whipple about 300 bushels of barley at 65 cents for 50 pounds, to be delivered by the 15th of September next. Paid on same $25.

A. Whipple.

Waterloo, August 24, 1880.                           B. M. Wiener.

At the trial in that action it was shown that the defendant Whipple delivered one load of barley to the plaintiff, which was accepted and paid for, and that he afterwards offered to deliver two loads, which the plaintiff refused to accept, alleging that it was not of the quality which he had bought, that he bought the barley by sample, and that tendered by defendant was not as good a quality as the sample. The trial court permitted plaintiff, against defendant's objection, to give parol evidence tending to show that the sale was in fact by sample.

The admission of this evidence was held to be error, which necessitated a new trial; the court saying:

"The written contract being plain and unequivocal, no parol evidence can be given to explain or change its terms. * * * It appearing that the contract was in writing, such written contract failing to show that the sale was by sample, it was clearly error to permit the plaintiff to show that the sale was in fact made by sample."

[3] In the case now before us the agreement between the parties is complete. There is nothing ambiguous about it. Under it plaintiff was obliged to deliver, as indicated, merchantable rice. A better quality than that could not be required. It was therefore error for the court to receive against plaintiff's objection parol evidence that the sale of the rice was by sample and that that shipped did not correspond to it.

[4] This error was a substantial one. It was the basis of the court's action in directing a verdict in favor of the defendants. The verdict was therefore properly set aside and a new trial ordered.

This opinion might well stop here, but, since there must be a new trial, it may not be out of place to call attention to the fact that the court was in error in setting aside the verdict on the other ground named.

[5] If the defendants, with full knowledge of all the facts, had accepted the rice, then, in an action to recover the purchase price, they would have had to counterclaim their damages. But defendants had not accepted the rice. They had expressly reserved the right to examine it before acceptance. They made the examination, and then rejected it. The title to the rice never passed to the defendants, and they could not be compelled to pay for what they never owned or never accepted.

In Henry v. Talcott, supra, the court said:

"If, upon delivery, the goods fall below the quality of the sample, the buyer may either reject them or may accept and sue for damages upon the warranty. Zabriskie v. Central Vermont R. R. Co., 131 N. Y. 72 [29 N. E. 1006]; Kent v. Friedman, 101 N. Y. 616 [3 N. E. 905]; Day v. Pool, 52 N. Y. 416 [11 Am. Rep. 719]."

The order appealed from, therefore, is affirmed, with costs to respondent to abide event. All concur.