(159 App. Div. 394.)

COLT v. A. T. DEMAREST & CO.

(Supreme Court, Appellate Division, First Department. December 5, 1913.)

EVIDENCE (§ 441*)—WRITTEN CONTRACT—PAROL WARRANTY.

Where a written contract for the sale of an automobile was complete in all its terms, and described the car as of 25 horse power, parol evidence was inadmissible to show that the seller warranted the car to develop 35 horse power.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1719, 1723–1763, 1765–1845, 2030–2047; Dec. Dig. § 441.*]

Appeal from Appellate Term, First Department.

Action by Elizabeth B. Colt against A. T. Demarest & Company. From a determination of the Appellate Term affirming a judgment

of the City Court in favor of plaintiff, defendant appeals. Reversed, and judgment directed for defendant dismissing the complaint.

See, also, 142 N. Y. Supp. 1113.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-LIN, DOWLING, and HOTCHKISS, JJ.

Guthrie B. Plante, of New York City, for appellant.

I. N. Jacobson, of New York City, for respondent.

DOWLING, J. Plaintiff sues to recover the sum of $2,500 damages for breach of an alleged oral warranty upon the sale of an automobile. From a determination of the Appellate Term affirming a judgment of the City Court upon the verdict of a jury in the sum of $1,250, the present appeal is taken.

The contract for the purchase of the automobile in question is in writing, and is as follows:

Telephone 6091 Columbus.

Established 1860.

A. T. Demarest & Co.

Broadway and 57th Street.

Carriage and Automobile Body Builders

Special Attention to Repairs.

Mrs. Colt                                        Order No.
   Hotel Plaza                               Style Itala Touring Car
      New York City.                         Date January 19th, 1912.

Chassis, Itala 25 H. P. Chassis, as shown here. Set of Tools as furnished by Itala Fabrica di Automobili.

Body, Demarest new pattern Touring Body with Extension.

Top and Side curtains.

Fore-Door on left side and leather guard on right side.

Wind shield in front of chauffeur.

Trimming. Imported Goods No. 885 throughout.

Reversible Foot Rest for rear seat.

Carpet and Rubber Mat on floor.

Coat Rail on back of chauffeur's seat.

Painting, Blue, striped Carmine.

Fenders, Pressed Steel Fenders over front and rear wheels.

Mud Guard to front fenders.

Mud Guards to extend from steps to chassis frame.

Tire Carrier, Tire Carrier on the rear of car.

Tool Box, Metal Tool Box on left hand step.

Speedometer. On dashboard.

Steps. Long Steps, bound brass covered with "Nair-Rubber."

Lamps, Two Head Lamps and Prest-O-Lite Tank.

   Two Dash Lamps.
   One Tail Lamp.
   Horn and tube.

Price. For the above Car, complete as per specifications......... $4,500.00
   Yours very truly,                    [Signed]  A. T. Demarest & Co.

Credit. By 2nd hand Overland car............................ $ 600.
Difference in exchange...................................... 3,900.

This was also signed by the plaintiff personally. It is a contract complete in all particulars. There is no effort made to reform it, nor any contention that it was procured by fraud or misrepresentation. It was executed in January, and the automobile was not delivered

until March.   Meantime plaintiff never objected to the form of the contract, nor sought to have it changed, nor to have any further warranty inserted therein.   When she gave her order she was shown by defendant's representative an Itala car with a limousine body, and he told her the chassis would be just the same.   That one so shown her she knew was a 25 horse power car.   The alleged warranties upon which she has brought action were:   (1) That the automobile would be of 25 to 35 horse power; and (2) that it could be used on all roads in the state of Connecticut and would have sufficient clearance to be used on all roads in that state.   Upon the trial, plaintiff abandoned any effort to recover upon the second warranty and stood upon the first alone.   She testified that she told defendant's representative when he showed her the sample car before the contract was signed that she did not want a 25 horse power car, as she then had a 30 horse power one and desired one of more power, to which he replied that 25 horse power meant that it developed 35 horse power; that she relied on this representation and believed it, and would not have bought the car had she not so believed.   She received the car March 28th or 29th, giving an old car in exchange and paying the balance due on the contract.   At her request a certificate of ownership of the new car was obtained from the Secretary of State of Connecticut March 1, 1912. That described it as an Itala car, of 18 to 24 horse power.   She had signed the application therefor on February 29, 1912, describing the car in the same manner.   On March 29, 1912, she took out policies of insurance in the General Accident, Fire & Life Assurance Corporation, Ltd., of Perth, Scotland, and the Royal Exchange Assurance of London, in both of which the automobile was described as an Itala car of 18 to 24 horse power.   It sufficiently appears that the car did develop 25 horse power; plaintiff's complaint is that it should have developed more power.

We think her contention is without merit.   The contract between the parties was explicit, unambiguous, and complete upon its face.   It purports to express the full agreement of the parties.   Plaintiff is not seeking to recover upon some matter as to which the contract is silent, but upon an alleged departure from the express terms of the contract itself.   Where a written contract provides that a car sold is to be of 25 horse power, the law presumes that the parties intended and agreed that such should be the capacity of the car to be delivered, and, in the absence of fraud or deceit, the parties will be held to that agreement and no other.   As was said in Eighmie v. Taylor, 98 N. Y. 288:

"If we may go outside of the instrument to prove that there was a stipulation not contained in it, and so that only part of the contract was put in writing, and then, because of that fact, enforce the oral stipulation, there will be little of value left in the rule itself.   The writings which are protected from the effect of contemporaneous oral stipulations are those containing the terms of a contract between the parties, and designed to be the repository and evidence of their final intentions.   If upon inspection and study of the writing, read, it may be, in the light of surrounding circumstances in order to its proper understanding and interpretation, it appears to contain the engagements of the parties, and to define the object and measure the extent of

such engagement, it constitutes the contract between them, and is presumed to contain the whole of that contract."

And in Thomas v. Scutt, 127 N. Y. 133, 27 N. E. 961, the court held:

"Receipts, bills of parcels, and writings that evidently express only some parts of the agreement are examples of this class which leaves the written contract unchanged, but treats it as part of an entire oral agreement, the remainder of which was not reduced to writing. Two things, however, are essential to bring a case within this class: (1) The writing must not appear upon inspection to be a complete contract, embracing all the particulars necessary to make a perfect agreement and designed to express the whole arrangement between the parties, for in such a case it is conclusively presumed to embrace the entire contract. (2) The parol evidence must be consistent with and not contradictory of the written instrument."

In Studwell v. Bush, 206 N. Y. 416 [100 N. E. 129], it was said:

"Of course, if the plain meaning of written contracts may be avoided by parol evidence that the parties agreed they meant something which they did not say, we have reached a summary and effectual method of destroying some of the important principles which have heretofore controlled the construction of written instruments."

That parol testimony to prove a warranty as to present quality, condition, or power of the thing sold is inadmissible in the face of a written contract which is upon inspection apparently complete, because containing all the terms and conditions necessary to a complete agreement, has been held in a long line of cases, as far back as Filkins v. Whyland, 24 N. Y. 338, and as recent as Standard Co. v. De Pass, 154 App. Div. 525, 139 N. Y. Supp. 611.

It was error to receive evidence of any claimed oral warranty herein, and its receipt furnished no basis for a recovery by plaintiff. It follows that plaintiff failed to establish any cause of action, and that the motion to dismiss the complaint at the close of her case should have been granted.

The determination of the Appellate Term and the judgment of the City Court should be reversed, with costs to appellant, and judgment directed in favor of defendant dismissing the complaint of the plaintiff, with costs. All concur.