MARY PRYOR EASTMAN, Respondent, v. WILLIS N. BRITTON, Appellant, Impleaded with LOTTIE BRITTON, His Wife, Defendant.

Fourth Department, December 6, 1916. ·

Evidence — parol evidence to vary written contract — contract for sale of house and lot — implied warranty as to foundation wall.

Where, in an action for the breach of an alleged parol warranty of the foundation wall of a dwelling house, it appears that the parties had entered into a written agreement for the sale of the property, which constituted a complete contract covering all the terms of sale, testimony of conversations prior to and at the time of the signing of the contract to the effect that the defendant guaranteed the foundation wall to be a good and sufficient wall, tends to vary the terms of the written contract and is, therefore, inadmissible.

There was no implied warranty as to the sufficiency of the wall.

APPEAL by the defendant, Willis N. Britton, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 17th day of June, 1915, upon the verdict of a jury, and also from an order entered in said clerk's office on the 29th day of March, 1916, denying defendant's motion for a new trial made upon the minutes.

*Charles B. Bechtold* [*McInerney & Bechtold*, attorneys], for the appellant.

*John H. Hopkins*, for the respondent.

PER CURIAM:

Plaintiff has recovered a verdict for breach of an alleged parol warranty of the foundation wall of a dwelling house. The dwelling was in process of construction by defendant at the time plaintiff began negotiations with defendant for its purchase. The roof was on and it was ready for the plastering. On January 11, 1911, the parties entered into a written contract for sale of the property by defendant to plaintiff. It appears on its face to be a complete contract covering all the terms of sale, and all defendant was to do was to finish the

house and to grade the lot, put in sewer and sidewalks and set out trees.

Plaintiff was allowed to give testimony of conversations prior to and at the time of signing this contract to the effect that defendant guaranteed the foundation wall to be a good and sufficient wall. We are of opinion that this testimony tended to vary the terms of the written contract, and that defendant's objection to its admission on that ground should have been sustained. We refer to the following authorities in support of this conclusion: *Eighmie* v. *Taylor* (98 N. Y. 288); *Thomas* v. *Scutt* (127 id. 133); *Mead* v. *Dunlevie* (174 id. 108); *Lese* v. *Lamprecht* (196 id. 32); *Studwell* v. *Bush Co.* (206 id. 416); *Seitz* v. *Brewers' Refrigerating Co.* (141 U. S. 510); *Colt* v. *Demarest & Co.* (159 App. Div. 394).

We are also of opinion that there was no implied warranty as to the sufficiency of this wall.

The judgment and order should, therefore, be reversed, and a new trial ordered, with costs to the defendant to abide the event.

All concurred.

Judgment and order reversed and new trial granted, with costs to appellant to abide event.