◼ LILLIAN DOLEZEL, Respondent, v. SAMUEL FIALKOFF, Appellant. (Action No. 1.) LILLIAN DOLEZEL, Respondent, v. LEONARD FIALKOFF et al., Appellants. (Action No. 2.) LILLIAN DOLEZEL, Respondent, v. LEONARD FIALKOFF et al., Appellants. (Action No. 3.) — Appeal from judgments in three separate actions entered in favor of the plaintiff in each case upon the decision of an Official Referee. In Action No. 1, the plaintiff recovered a judgment of $750, with interest, against the defendant for the failure of the latter to properly perform a contract for the repair and remodeling of the second story of the plaintiff's house. This action involves only questions of fact and we think the proof fairly sustains the decision of the Official Referee. Judgment in this case affirmed, without costs. In Action No. 2 the Official Referee found that the defendants failed to perform their contract with the plaintiff for grading and seeding the lawn as provided in the contract of sale between the parties. This action also involved only questions of fact and we find no impelling reason for disturbing the decision of the Official Referee. This judgment is affirmed, without costs. In Action No. 3 the Official Referee found the plaintiff entitled to recover the sum of $500 for the alleged failure of the defendants to properly construct and waterproof the cellar of the house sold to the plaintiff. This action was brought upon the theory of implied warranty. It was claimed that there were defects in the construction of the foundation, the cellar walls and floor, which permitted water to seep in. We think the proof in this action was insufficient to sustain the judgment. In the first place it is very doubtful whether the theory of implied warranty is applicable to a sale of real property in a case where the building was not built for the vendee but was sold after it had been completed. Irrespective of that proposition however the proof here shows that drains and a sump pump were in the cellar when the building was shown to the buyer. This type of construction would indicate the possibility that moisture might seep in the cellar. Under the circumstances the plaintiff took the premises as she found them in the absence of any allegations or proof of fraud or misrepresentation. Judgment in this case reversed and the complaint dismissed, without costs. Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ., concur.