Lawrence Newmark, J.
This is an action for breach of contract.
The plaintiff purchased a new home from the defendant by a contract entered into in January, 1974. Because of a flood condition there was water damage done to the oak floors in the house. A stipulation was added to the contract that the builder was to repair all damage due to water. At the time of closing it appeared as if the damage had been repaired. However, subsequently the floors buckled and this lawsuit ensued. The evidence clearly indicates that as a result of the flooding which took place prior to the sale, there is a permanent condition requiring virtual replacement of the floor.
The issues are whether the builder is liable for the damages because of an implied warranty, and whether there is a merger of the terms of the contract into the deed so as to bar any possible recovery.
Counsel for both parties submitted memoranda of law; however, only one case was cited, Staff v Lido Dunes (47 Misc 2d 322). In that case the court dealt with the question of whether a buyer could bring an action for latent defects in a home. The court held that a merger clause did not bar an action for defects not discoverable at the time of closing. That court also noted that the trend of decisional law is toward holding that an implied warranty that the building had been erected and would be completed in a good and workmanlike manner may arise in the sale of a house in process of construction when the contract is made.
In Town of Ogden v Howarth & Sons (58 Misc 2d 213) the Supreme Court, Monroe County, discussed the question of implied warranties and also noted recent trends away from *539 the traditional merger view. The court cited Cohen v Polera & Sons Constr. Corp. (NYLJ, Sept 30, 1958, p 14, col 4) as permitting a suit for defects in workmanship and materials in a newly constructed home, holding that a merger clause applied only to the sale of the land and not to the construction of the house. Staff v Lido Dunes (supra) was also cited.
We think that the trend noted in Staff v Lido Dunes (supra) and Town of Ogden v Howarth & Sons (supra) should be followed. The New York case which began this trend is Lutz v Bayberry Huntington (148 NYS2d 762) in which Justice Christ of the Supreme Court, Nassau County, held that there was an implied warranty that the house contracted for would be constructed in a good and workmanlike manner. If the house did not meet such standards, the purchaser would have an actionable claim for breach of contract. Such an action was permitted in Dunn v Bloom (15 AD2d 687).
Having established, then, that a contract involving the construction of a new home gives rise to an implied warranty for any defects not discoverable prior to the closing date, we must turn to the case at bar. Here we have a contract which appears to be a builder’s contract similar to the type used when the house is to be constructed, but it is undisputed that the house had been built prior to the date of the contract. It was a new house, seemingly completed, except for the repairs necessitated by the flood situation. This court is of the opinion that it is a logical extension of the decisional law above discussed that the actions there permitted be allowed here. The house was new, and the builder-vendor, although finished with the regular construction, was still working on the house and should, therefore, be held to the same warranties as he would have if the house had been under construction. Thus, we hold that where a new house, although already built, is purchased from the builder, there is an implied warranty that all work will be done in a workmanlike manner.
Additionally, the instant contract does not contain the standard merger clause, so there is an even stronger argument to be made that any latent defects not discoverable at or before closing will not be merged into the deed than that made in Staff v Lido Dunes (supra). This court agrees with Justice Meyer in holding that to find the merger clause bars recovery for latent defects not discoverable at the time of closing is against public policy. Clearly there is no merger in this case.
*540 In sum, this court has found that there is an implied warranty that the work was done in a workmanlike manner, and that there is no merger to bar any action for latent defects.
Accordingly, since the plaintiff has a valid cause of action she is entitled to recover her damages. The measure of damages has been held to be the market price or reasonable cost of correcting the defects (Bellizzi v Huntley Estates, 3 NY2d 112). It has been established that replacement of the floor would be the only way to properly correct the defects. Judgment is granted to the plaintiff, in the sum of $1,988 with interest from May 13, 1974 and the costs and disbursements of the action.