LEONARD R. DE ROCHE et al., Appellants, v J. DAVID DAME et al., Respondents.

Third Department, July 10, 1980

### APPEARANCES OF COUNSEL

*Clute, Clute & Thompson (Penelope D. Clute* of counsel), for appellants.

*Holcombe & Dame* for respondents.

### OPINION OF THE COURT

CASEY, J.

On October 19, 1977, the plaintiffs and one of the defendants, J. D. Dame Contracting, Inc., executed a contract for the construction, sale and conveyance of certain real property, with a dwelling house situated thereon, located in Beekmantown, Clinton County, New York. The closing was held and title was transferred on November 4, 1977. By April, 1978 numerous defects appeared in the house, including extensive cracking of portions of the walls and concrete slabs, water seepage, and separation of the exterior siding from the building structure. Plaintiffs notified the defendants of the defects, but the defendants refused to correct them.

Thereafter, the plaintiffs instituted this action in which they contend that the defendants breached the express warranty of the real estate broker who was, according to plaintiffs, the agent of the defendants; that the defendants breached an express covenant in the deed; and that the defendants breached the implied warranties of fitness for

habitation and quality workmanlike construction. Sometime after issue had been joined, the plaintiffs moved for an order striking the defendants' answer to the amended complaint for failure to answer interrogatories and comply with a notice to produce. The defendants, in turn, moved for an order granting them summary judgment dismissing the amended complaint. Special Term granted the defendants' motion. The order and judgment of Special Term must be reversed in part.

■ Generally, a real estate broker employed only to negotiate a sale of premises, that is to procure a purchaser, has no authority to make representations as to the condition of the property or otherwise to bind his employer by representations (*Friedman v New York Tel. Co.,* 256 NY 392; *Montague v Bank for Sav. of City of N. Y.,* 181 Misc 863, 866). Nothing in the record indicates that the facts are not subject to that general rule. Accordingly, we agree with Special Term's dismissal of the cause of action predicated upon the breach of the express warranty allegedly given by the real estate broker.

■ The deed which conveyed the property contains several covenants. One such covenant provides, in pertinent part: "[T]hat any dwelling house to be situate on said premises shall contain at least 1300 square feet of living space and shall be so constructed and/or altered in a good and workmanlike manner by competent craftsmen or mechanics." Suffice it to say that such a restriction in a deed to which the grantees plaintiffs took subject does not provide them with a cause of action against the grantors defendants for defects in the construction of the dwelling house. This being so, Special Term properly dismissed the cause of action based upon that restrictive covenant.

■ The cause of action based upon implied warranty of habitability and workmanlike construction, however, should not have been dismissed. For the most part, New York has not recognized a cause of action for breach of an implied warranty for fitness or habitability involving the sale of a completed house by a builder-vendor; instead, New York has applied the doctrine of *caveat emptor.* (E.g., *Eastman v Britton,* 175 App Div 476; *Spano v Perry,* 59 Misc 2d 1062; *Staff v Lido Dunes,* 47 Misc 2d 322. See *Dolezel v Fialkoff,* 2 AD2d 642.) In *Centrella v Holland Constr. Corp.* (82 Misc 2d 537, 539), however, the court noted "that where a new house, although already built, is purchased from the builder, there is an implied warranty that all work will be done in a workmanlike

manner." Although there are cases to the contrary (see Ann 25 ALR 3d 415-425), the trend of the law is that a builder-vendor may be held liable for damage occasioned by a defective condition of the dwelling, on the theory of breach of an implied warranty of the habitability or workmanlike construction. (E.g., *Yepsen v Burgess,* 269 Ore 635; *Weeks v Slavik Bldrs.,* 24 Mich App 621, affd 384 Mich 257; Ann. 25 ALR 3d 413-415.)

The rationale of the cases which relax or abandon the doctrine of *caveat emptor* is that the purchaser is not in an equal bargaining position with the builder-vendor of a new dwelling, and the purchaser is forced to rely upon the skill and knowledge of the builder-vendor with respect to the materials and workmanship of an adequately constructed dwelling house. Furthermore, those courts recognize that although the contract may be couched in terms of the sale of realty, the purchaser sees the transaction primarily as the purchase of a house, with the land incident thereto. Accordingly, we hold that a builder-vendor of a new residential dwelling house may be liable to the purchaser of a new dwelling for improper construction upon the theory of breach of an implied warranty of workmanlike construction and habitability, whether the house is purchased prior to construction, during construction, or after construction has been completed but the house is yet unoccupied *(Weeks v Slavik Bldrs., supra).* We note that in this case, the individual builder-vendor occupied the dwelling for a short period of time. The plaintiffs, however, allege that such occupancy was temporary and consisted basically of sleeping on the premises during a time when the defendant was having marital difficulties. Those allegations are not refuted. The limited occupancy under such circumstances is not sufficient to deprive plaintiffs of the implied warranty of workmanlike construction and habitability.

The order and judgment should be modified, on the law, by reversing so much thereof as granted defendants' motion to dismiss plaintiffs' cause of action for breach of implied warranty of habitability and workmanlike construction, and, as so modified, affirmed, with costs to plaintiffs.

Sweeney, J. P., Kane, Staley, Jr., and Main, JJ., concur.

Order and judgment modified, on the law, by reversing so much thereof as granted defendants' motion to dismiss plain-

tiffs' cause of action for breach of implied warranty of habitability and workmanlike construction, and, as so modified, affirmed, with costs to plaintiffs.