■ DALE D. WHITMAN, Respondent, v LAKESIDE BUILDERS & DEVELOPERS, INC., Appellant. — Judgment unanimously reversed, on the law and facts, without costs, and a new trial granted. Memorandum: Defendant appeals from a judgment awarding plaintiff $29,960 for breach of a warranty of habitability or workmanlike construction implied in the sale of a new house. Conceding the existence of such an implied warranty in New York State (see *De Roche v Dame,* 75 AD2d 384; Ann., 25 ALR3d 318, 415-425), defendant directs his principal argument on appeal to the measure of damages adopted by the court. Plaintiff's expert witness described one of the major items of defective workmanship and estimated its cost to correct: "Laundry room is out of square. So are garage, hall, kitchen closet, etc. To demolish one half of the house and rebuild the same $25,000." Concerning this and other defects, the court instructed the jury that "the measure of damages is the reasonable value of correcting such defect or defects. If and only if you find that the defects are not [remediable] or correctable, then the measure of damages is based on the difference between the value of the defective structure and the value of the structure if properly completed." Defendant objected to this charge and requested the court to charge that the jury could consider the difference in value not only if the defects were not remediable but also in the event that it would be unfair, under the circumstances, to replace the defects, if, considering the cost of replacement versus the benefit to be derived by the plaintiff, replacement would constitute economic waste. Under the circumstances of this case, it is at least a question of fact whether the demolition and reconstruction of one half of the house would constitute economic waste. Thus, the court's charge was incorrect and it erred in refusing to charge the jury substantially as requested by defendant (see *Jacob & Youngs v Kent,* 230 NY 239; Restatement, Contracts, § 346, subd [1]; 11 Williston, Contracts [3d ed], § 1363, quoting from *Shell v Schmidt,* 164 Cal App 2d 330; cf. *Bellizzi v Huntley Estates,* 3 NY2d 112, 115; *American Std. v Schectman,* 80 AD2d 318, 324). Further we note that the court erroneously failed to pass upon defendant's motion to dismiss those causes of action based upon defects which may have been patent as a matter of law. Likewise, it erroneously instructed the jury that it could award damages for patent defects of which the defendant had notice. In a cause of action for breach of an implied warranty of habitability or workmanlike construction, damages may not be recovered for defects that were patent at the time of transfer (see *Petersen v Hubschman Constr. Co.,* 27 Ill Dec 746; *Griffin v Wheeler-Leonard & Co.,* 290 NC 185; *Sims v Lewis,* 374 So

2d 298, 303 [Ala]; *Borden v Litchford,* 619 SW2d 715, 717-718 [Ky]; see, also, *Centrella v Holland Constr. Corp.,* 82 Misc 2d 537; *Staff v Lido Dunes,* 47 Misc 2d 322, 330). This is the rule applied to warranties implied in the sale of goods (Uniform Commercial Code, § 2-316, subd [3], par [b]), and there is no logical reason why a different rule should apply here where the implied warranty arises from the sale of realty. Because, upon retrial, the evidence may present close questions concerning the status of defects as latent or patent, we suggest that the court consider the use of either a special verdict or a general verdict accompanied by answers to written interrogatories (see CPLR 4111, subds [b], [c]). (Appeal from judgment of Supreme Court, Monroe County, Dugan, J. — breach of contract.) Present — Doerr, J. P., Boomer, Green, O'Donnell and Schnepp, JJ.