■ PETER M. CALAMEL et al., Respondents, v RIDGE VIEW REALTY CORP. et al., Appellants.—Order unanimously reversed, on the law, without costs, and defendants' motion granted. Memorandum: In this action for damages Special Term erred in denying defendants' motion to dismiss the complaint on the ground that plaintiffs' claims are barred by the Statute of Limitations (CPLR 3211 [a] [5]). The facts are not in dispute. In October 1969 plaintiffs contracted with defendants for the construction and purchase of a new home. Title was closed and plaintiffs took possession in February 1970. A latent construction deficiency was discovered in 1982 and the within action alleging negligent construction and fraud was commenced on March 14, 1984. Although the complaint is based on a theory of negligent construction, the first cause of action may also be read to allege a breach of an implied warranty of habitability and workmanlike construction which attaches to the sale of a residential dwelling *(see, Whitman v Lakeside Bldrs. & Developers,* 99 AD2d 679; *De Roche v Dame,* 75 AD2d 384, *lv dismissed* 51 NY2d 821). The general rule in construction contract cases involving an owner's claims arising out of alleged defective construction, whether verbally classified as negligence or breach of contract is that such claims " 'accrue for purposes of all Statutes of Limitations on completion of construction' " *(Lewis v Axinn,* 100 AD2d 617, 618). "A cause of action against a contractor for defects in construction generally accrues upon completion of the actual physical work" and assertions of fraud and negligence cannot serve to extend the life of plaintiffs' claim, which is governed by the six-year Statute of Limitations applicable to contract claims *(Cabrini Med. Center v Desina,* 64 NY2d 1059, 1061; *see also, State of New York v Lundin,* 60 NY2d 987; CPLR 213 [2]). In our view, plaintiffs' claim is essentially one for breach of contract and, therefore, could not accrue later than the date the contract was completed, which plaintiffs allege in their complaint was February 13, 1970.

Moreover, plaintiffs' second cause of action claiming fraud amounts to no more than an allegation that defendants intentionally breached the contract. The essence of plaintiffs' claim is damages due to defective construction and the addition of an allegation of intent and concealment "does not change the nature of the action * * * from an action upon contract to an action upon fraud" *(Brick v Cohn-Hall-Marx Co.,* 276 NY 259,

264). Where the allegations of fraud are only incidental to a breach of contract claim the fraud Statute of Limitations cannot be invoked (see, *Cabrini Med. Center v Desina, supra; see also, Quinn v Hoover & Strong,* 96 AD2d 1145, 1146). (Appeal from order of Supreme Court, Erie County, Doyle, J. —summary judgment.) Present—Dillon, P. J., Hancock, Jr., Doerr, Green and Schnepp, JJ.