■ Thomas Caceci et al., Respondents-Appellants, v Di Canio Construction Corp., Appellant-Respondent, et al., Defendants.—In an action to recover damages for breach of contract, negligence, and breach of warranty, the defendant Di Canio Construction Corp. appeals, and the plaintiffs cross-appeal from a judgment of the Supreme Court, Suffolk County (Brown, J.), dated March 6, 1986, which, after a nonjury trial, is in favor of the plaintiffs and against the defendant Di Canio Construction Corp. in the principal amount of $57,466.58, together with interest running from December 15, 1981.

Ordered that the cross appeal is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is affirmed, without costs or disbursements.

The plaintiffs failed to perfect their cross appeal in compliance with the provisions of 22 NYCRR 670.8. A respondent may not perfect a cross appeal by submitting only the notice of cross appeal in his brief and using the record furnished by the appellant, absent the consent of the appellant (see, Kapchan v Kapchan, 104 AD2d 358, 359).

In November 1976, Thomas and Mary Caceci (hereinafter the plaintiffs) and Di Canio Construction Corp. (hereinafter the appellant) entered into a contract for the purchase of real property and the construction of a one-family house thereon. Title closed on October 14, 1977. In December 1981, Mrs. Caceci noticed, for the first time, that the kitchen floor had dipped and moved away from the wall. Despite the appellant's attempts to correct the problem, the situation worsened. As a result, the plaintiffs contacted a construction engineering firm.

The engineers concluded that the problems with the plaintiffs' home were due to settlement of the foundation, which was built on poor soil. Testimony and photographs introduced into evidence substantiated that organic material, such as trees, underlay and, in some cases, extended into the foundation. The principal of the defendant, Vincent Di Canio, denied knowledge that organic material underlay the foundation. The subcontractor who excavated the land denied seeing or depositing any organic material in the perimeter of the foundation.

Following a nonjury trial, the court found the appellant liable, *inter alia*, based on a breach of implied warranty of habitability in the construction of the house. The judgment awarded interest from December 15, 1981.

The sole ground upon which the plaintiffs are to be awarded damages in this case is the appellant's breach of the implied warranty of workmanlike construction and habitability which attaches to homes purchased prior to construction *(see, De Roche v Dame,* 75 AD2d 384, *lv dismissed* 51 NY2d 706; *cf., Centrella v Holland Constr. Corp.,* 82 Misc 2d 537). The appellant does not contest that the defect was latent *(see, Whitman v Lakeside Bldrs. & Developers,* 99 AD2d 679), but contends that the plaintiffs did not establish a prima facie case of breach of implied warranty because they did not prove that the appellant breached its duty to not knowingly erect the house on infirm soil. Given this claim, the evidence must be viewed in the light most favorable to the plaintiffs *(see, Sagorsky v Malyon,* 307 NY 584). The photographic evidence and testimony that a significant amount of organic material was found near and abutting the foundation formed a sufficient basis from which the trier of fact could infer with probability that the defendant knew the house was being erected on poor soil *(see,* 2 Harper and James, Torts § 19.4; *cf., Pollock v Rapid Indus. Plastics Co.,* 113 AD2d 520). Brown, J. P., Eiber, Kunzeman and Sullivan, JJ., concur.