ENTERED NOV 0 7 2014

STATE OF MAINE
YORK, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-13-214

5/7/2014
JON-YORK-05-07-14

REGIONAL SCHOOL UNIT 21, )
SCHOOL ADMINISTRATIVE )
DISTRICT 71 (a.k.a. RSU #21 )
MSAD #71), )
)                                        ORDER ON DEFENDANTS'
      Plaintiff, )                    MOTIONS TO DISMISS AND
     v. )                                  PLAINTIFF'S MOTION TO
)                                        AMEND
JOHNS MANVILLE and )
JOHNSON & JORDAN, INC. )
)
      Defendants. )

I.    Background

Plaintiff, RSU #21, is a regional school unit doing business as a school administrative district. Plaintiff began construction on the Kennebunk Elementary School in 2002. Plaintiff hired non-party Eckman Construction to act as general contractor for the construction of the school, who hired Johnson & Jordan to act as the plumbing subcontractor. Among other things, Johnson & Jordan was hired to install roof drains. Johnson & Jordan installed model Flex-I roof drains manufactured by Defendant Johns Manville, along with PVC roof drains. Plaintiff alleges that Defendants Johnson & Jordan and Johns Manville knew at the time the drains were inspected in 2006 that the drains were defective, nonconforming drains, yet they failed to warn or advise Plaintiff of the nonconforming nature of the drains.

On June 23, 2012, the school flooded during a rainstorm. Plaintiff contends that the flooding occurred in whole or in part as a result of the defective drains. Plaintiff filed a complaint alleging one count of negligence by Defendant Johnson & Jordan and one count of negligence by Defendant Johns Manville. Defendants now separately move the court to dismiss. Plaintiff moves the court for leave to amend the complaint.

1

## II. Standard of Review

The purpose of a motion to dismiss is to determine the legal sufficiency of the pleading. Livonia v. Town of Rome, 707 A.2d 83, 85 (Me. 1998). The court will review the motion in the light most favorable to the non-moving party, taking the facts as stated in the pleading to be true. Id. The court will grant a motion to dismiss only where "it appears beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claims." McAfee v. Cole, 637 A.2d 463, 465 (Me. 1994) (citations omitted).

## III. Discussion

### a. Accrual of the Claim

Defendants Johnson & Jordan and Johns Manville move for dismissal on the basis that the claims were brought after the statute had run. In Maine, unless otherwise specifically provided by statute, the statute of limitations for a civil action is six years. 14 M.R.S. § 752 (2013). In order to determine whether the statute had run, the court must look to when the action accrued. Plaintiffs have pled the cause of action of negligence. A cause of action in tort accrues at the time the damage is sustained. Defendants argue that despite the title of Plaintiff's claim, the action sounds in contract law and any potential claim accrued at the time Defendants left the property.

"When the Legislature does not give explicit directions, 'definition of the time of accrual ... remains a judicial function.'" Nevin v. Union Trust Co., 1999 ME 47, ¶ 24, 726 A.2d 694 (quoting Anderson v. Neal, 428 A.2d 1189, 1191 (Me.1981)). The Law Court has interpreted claims arising from the construction of a building to stem from contract law, and therefore the claims accrue at completion of performance on the construction contract. Dunelawn Owners' Ass'n v. Gendreau, 2000 ME 94, ¶ 12, 750 A.2d 591. The Court has borrowed from several

2

different jurisdictions in order to emphasize that the statute of limitations begins to run when the builders leave the property and an owner's ability to recover for any latent defects terminates six years thereafter. See Andreoli v. John Henry Homes, Inc., 297 Ill.App.3d 151, 231 Ill.Dec. 622, 696 N.E.2d 1193, 1196 (1998); Jaworsky v. Frolich, 850 P.2d 1052, 1054 (Okla.1992); Stephens v. Creel, 429 So.2d 278, 280 (Ala.1983); Calamel v. Ridge View Realty Corp., 115 A.D.2d 279, 496 N.Y.S.2d 154, 154 (1985).

Plaintiffs argue that even if the statute of limitations would otherwise have began to run at the completion of construction, the statute should have been tolled until Plaintiff discovered or reasonably should have discovered the injury. Anderson v. Neal, 428 A.2d 1189, 1191-92 (Me. 1981). The discovery rule, as articulated in Anderson, requires a significant fiduciary relationship between the plaintiff and defendant such that plaintiff was deprived of the means to discover to injury. Id. at 1192. In Dunelawn, the Law Court found that owners of a building did not enjoy such a fiduciary relationship with those who constructed the building, even in those cases where the latent defect was difficult to find. Dunelawn, 2000 ME 94, ¶ 12. Similarly to the plaintiffs in Dunelawn, Plaintiff in the case at hand does not have a significant fiduciary relationship with Defendants, and therefore the discovery rule does not apply. The statute of limitations on Plaintiff's claims of negligence accrued in 2006 and had run prior to the filing of this suit.

Plaintiff argues that according to the theory of *nullum tempus occurrit regi ("nullum tempus")*, the statute of limitations does not apply to Plaintiff's claim of negligence, and therefor it still has a viable claim against Defendants. *Nullum tempus* is the common law doctrine that "time does not run against the king." Portland Water Dist. v. Town of Standish, 2006 ME 104, ¶ 15, 905 A.2d 829. The theory of *nullum tempus*, which stems from the theory of sovereign

immunity and holds that statutes of limitation do not apply to governmental bodies. Id. While Maine has not officially done away with the doctrine,[1] the Maine courts have found that the doctrine of *nullum tempus* does not apply to contract actions. Portland Water Dist. v. Town of Standish, 2006 ME 104, N. 3, 905 A.2d 829; Caruso v. State Tax Assessor, CIV.A. CV-99-80, 2000 WL 33675707 (Me. Super. Nov. 14, 2000).[2] Because the court has found that Plaintiff's cause of action for defects in construction is a contract action, the court finds that *nullum tempus* does not apply. The statute of limitations applies and has run.

    b. Plaintiff's Motion to Amend

Plaintiff has moved the court to allow amendment of the complaint to include two counts of fraudulent concealment. A party may amend a pleading once prior to the filing of a response, within 20 days of the initial filing, or "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." M.R. Civ. P. 15(a). In order to plead a count of fraud or fraudulent concealment, a plaintiff must plead "the circumstances constituting fraud or mistake...with particularity." M.R. Civ. P. 9(b). See Picher v. Roman Catholic Bishop of Portland, 2013 ME 99, 82 A.3d 101, 102

---

[1] In Portland Water Dist. v. Town of Standish, the Law Court discussed the state of *nullum tempus* elsewhere, but did not reach the issue of whether it was still good law in Maine. "The Town cites to a number of opinions from other jurisdictions holding that the demise of common law sovereign immunity from tort liability abrogated the *nullum tempus* doctrine to the extent that it provided governmental entities relief from statutes of limitations. *See, e.g., Shootman v. Dep't of Transp.*, 926 P.2d 1200, 1205-06 (Colo.1996); *New Jersey Educ. Facilities Auth. v. Gruzen P'ship*, 125 N.J. 66, 592 A.2d 559, 560-61 (1991); *State ex rel. Condon v. City of Columbia*, 339 S.C. 8, 528 S.E.2d 408, 412-14 (2000). In at least one other jurisdiction, the *nullum tempus* doctrine was held to have survived the demise of common law sovereign immunity from tort liability because it was based on a different, and still compelling, rationale. *Commonwealth, Dep't of Transp. v. J.W. Bishop & Co., Inc.*, 497 Pa. 58, 439 A.2d 101, 103-05 (1981). Because the statute of limitations issue is distinct from the adverse possession issue, these cases are not persuasive on the question at issue in the present case." Portland Water Dist. v. Town of Standish, 2006 ME 104, 905 A.2d 829, 833.

[2] "A determination of whether the doctrine applies in this case is dependent upon the nature of the activity engaged in by the defendant. If its activity is tax collection, then it follows that the rationale behind the doctrine is best served by denying a statute of limitations defense. Contrariwise, if the activity is purely contractual, as the plaintiffs aver, the rationale underlying the doctrine would be best served by enforcing the statute of limitations affirmative defenses against the defendant, should it apply under the circumstances." Caruso v. State Tax Assessor, CIV.A. CV-99-80, 2000 WL 33675707 (Me. Super. Nov. 14, 2000).

4

("A claim of fraudulent concealment, like any claim of fraud, is subject to more rigorous pleading requirements not applied to common law negligence claims"). The court finds that Plaintiff's amendment is in the interest of justice. The court further finds that Plaintiff has pled fraudulent concealment with sufficient particularity. The court allows the amendment.

IV.     Conclusion

Defendants' Motions to Dismiss are Granted as to Plaintiff's two counts of negligence. Plaintiff's Motion to Amend is allowed.

DATE:       5/2/19

_____
John O'Neil Jr.
Justice, Superior Court

5