■ Daniel Milstein et al., Respondents, v Incorporated Village of Port Jefferson, Defendant, and Anthony Uliano et al., Appellants.—In an action to recover damages for breach of warranty, the defendants Anthony and Theresa Uliano appeal from an order of the Supreme Court, Suffolk County (Luciano, J.), entered April 7, 1988, which denied their motion to dismiss the complaint insofar as it is asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied that branch of the appellants' motion which was to dismiss so much of the breach of warranty cause of action against them predicated on the flooring defect observed by the plaintiffs prior to closing and those defects enumerated in the plaintiffs' engineer's report dated February 10, 1987, and substituting therefor a provision granting that branch of the motion; as so modified the order is affirmed, without costs or disbursements.

The parties to this action entered into a contract of sale for a newly constructed home in November 1986. The contract provided that the premises were to be purchased by the plaintiffs Daniel and Gail Milstein "as is", with the exception of certain enumerated repairs which were to be performed, and that, in any event, none of the representations contained in the contract were to survive delivery of the deed.

About one week prior to the scheduled closing date of February 13, 1987, the plaintiffs inspected the home and observed that "a portion of the flooring which was level prior to contract signing was * * * bowed". Six days prior to the closing, the plaintiffs entered the dwelling with a professional engineer for a final inspection. In a report dated February 10, 1987, and received by the plaintiffs on February 12, 1987, the engineer detailed quite extensively the various defects identified in what he characterized as a "very poor[ly]" constructed house, including some "serious structural flaws".

The closing took place on February 13, 1987. The only representation which was to survive the closing concerned the replacement of a window on the greenhouse.

By letter dated March 27, 1987, the plaintiffs advised the defendants Ulianos of the "serious problems" they had encountered in the home and demanded that 23 specific defects be corrected. The defendants rejected this request, relying on the contract and reminding the plaintiffs that they had purchased the premises "as is". This action ensued.

*Caceci v Di Canio Constr. Corp.* (72 NY2d 52) established an

implied "Housing Merchant Warranty" for the sale of a newly constructed home, which imposes a contractual liability on the home builder to construct the house in a skillful and workmanlike manner free from material defects. As a corollary to its holding, the court deemed the standard merger clause in a contract of sale of real property declaring that " 'none of the terms [of the contract] except those specifically made to survive title closing shall survive [such] title closing' " to be "of no legal effect in these circumstances of an implied warranty with respect to *latent defects" (Caceci v Di Canio Constr. Corp., supra,* at 55-56).

With respect to the existence of patent defects, i.e., those discovered or readily discoverable prior to closing, however, the law permits enforcement of the contractual merger clause, "because the purchaser can protect his interests by either demanding a 'specific written agreement' covering the defect or refusing to close until it has been corrected" *(Staff v Lido Dunes,* 47 Misc 2d 322, 326; *see, Whitman v Lakeside Bldrs. & Developers,* 99 AD2d 679; *Centrella v Holland Constr. Corp.,* 82 Misc 2d 537).

Inasmuch as the plaintiffs had knowledge of those defects identified prior to closing by their engineer and themselves, these defects must be characterized as patent and the plaintiffs may not recover for the ensuing damages. It is only with respect to latent defects that the plaintiffs may maintain their cause of action to recover damages for breach of warranty and, hence, to the extent the cause of action is premised on the existence of patent defects, it must be dismissed.

The appellants' claim challenging the substantive adequacy of the fraud cause of action was not asserted before the Supreme Court and, hence, is not subject to review by this court. Mangano, J. P., Bracken, Kunzeman and Harwood, JJ., concur.