■ Hassan El-Nahal, Appellant, v FA Management, Inc., Respondent. [5 NYS3d 201]—

In an action to recover damages for breach of contract, unjust enrichment, and violation of the Rules of the New York City Taxi and Limousine Commission, the plaintiff appeals from an order of the Supreme Court, Queens County (Kitzes, J.), dated March 11, 2013, which granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (7).

Ordered that the order is affirmed, with costs.

In considering a motion to dismiss a complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the al-

legations in the complaint must be liberally construed in favor of the plaintiff and all the facts alleged must be accepted as true (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Nagan Constr., Inc. v Monsignor McClancy Mem. High Sch.*, 117 AD3d 1005, 1006 [2014]; *Zellner v Odyl, LLC*, 117 AD3d 1040 [2014]). The essential elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach (*see Dee v Rakower*, 112 AD3d 204, 208-209 [2013]; *Elisa Dreier Reporting Corp. v Global NAPs Networks, Inc.*, 84 AD3d 122, 127 [2011]).

The complaint alleged that the plaintiff entered into an oral contract with the defendant to lease a medallion from it for $666 per week, and that the defendant breached the contract by later "extracting" fees from the plaintiff of $852 per week and imposing a 5% charge for all credit card transactions. Since the plaintiff paid the allegedly excessive fees, the plaintiff was, in effect, describing an oral modification of the original contract, which was fully performed (*see Martin v Peyton*, 246 NY 213, 218 [1927]; *J & R Landscaping v Damianos*, 1 AD3d 563, 564 [2003])—not a breach of the original contract. Accordingly, the plaintiff failed to state a cause of action sounding in breach of contract.

Where the existence of a contract is in dispute, the plaintiff may allege a cause of action to recover for unjust enrichment as an alternative to a cause of action alleging breach of contract (*see* CPLR 3014; *Thompson Bros. Pile Corp. v Rosenblum*, 121 AD3d 672, 674 [2014]). However, in the instant case, the plaintiff's allegations establish that there was a contract, which was fully performed. Full performance of the contract does not constitute unjust enrichment (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 389 [1987]; *Rashid v B. Taxi Mgt. Inc.*, 107 AD3d 555, 556 [2013]). Accordingly, the Supreme Court properly directed dismissal of the cause of action sounding in unjust enrichment.

The Supreme Court also properly concluded that the fourth and fifth causes of action, which alleged violations of the Rules of the City of New York Taxi and Limousine Commission, were subject to dismissal on the ground that a private civil right of action may not be implied from that regulatory scheme (*see Hammer v American Kennel Club*, 1 NY3d 294, 300 [2003]; *Rashid v B. Taxi Mgt. Inc.*, 107 AD3d at 556).

Accordingly, the Supreme Court properly granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (7). Rivera, J.P., Miller, Hinds-Radix and Duffy, JJ., concur.