■ JAMES CORTAZAR, Individually and Derivatively on Behalf of JACKSON BOUNTY LLC, et al., Appellants, v VINCENT TOMASINO, JR., et al., Respondents, et al., Defendants. [54 NYS3d 89]—

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Livote,

J.), dated September 30, 2014, as granted the cross motion of the defendants Vincent Tomasino, Jr., and Jackson Bounty, LLC, pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the cross motion of the defendants Vincent Tomasino, Jr., and Jackson Bounty, LLC, which were pursuant to CPLR 3211 (a) to dismiss the first, third, and fourth causes of action, and substituting therefor a provision denying those branches of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff James Cortazar was one of two shareholders of the plaintiff Cojam Realty, Inc. (hereinafter Cojam Realty), which owned a parcel of property in Long Island City. In October 2009, Cortazar and three other individuals entered into an agreement with the defendant Vincent Tomasino, Jr., to form Jackson Bounty, LLC (hereinafter Jackson Bounty), in order to combine Cojam Realty's parcel with property adjacent to it and develop a 44-unit condominium on the combined properties.

In 2013, Cortazar, individually and derivatively on behalf of Jackson Bounty, and Cojam Realty commenced an action against Tomasino, inter alia, seeking an accounting and alleging that Tomasino breached the 2009 agreement. Tomasino cross-moved pursuant to CPLR 3211 (a) to dismiss the complaint, and by order dated November 8, 2013, the Supreme Court granted the cross motion, finding, among other things, that the cause of action alleging breach of contract had to be dismissed based upon the plaintiff's failure to join necessary parties. In 2014, Cortazar, individually and derivatively on behalf of Jackson Bounty, and Cojam Realty commenced the instant action to recover damages for, inter alia, breach of contract, unjust enrichment, breach of fiduciary duty, and breach of the implied covenant of good faith and fair dealing, and for injunctive relief. Thereafter, the plaintiffs moved for a preliminary injunction, and Tomasino and Jackson Bounty (hereinafter together the defendants) cross-moved pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them. In the order appealed from, the Supreme Court, inter alia, granted the defendants' cross motion.

The Supreme Court properly granted that branch of the defendants' cross motion which was to dismiss the second cause of action, alleging that Tomassino was unjustly enriched. "[T]he theory of unjust enrichment lies as a quasi-contract claim and

contemplates an obligation imposed by equity to prevent injustice, in the absence of an actual agreement between the parties" (*Georgia Malone & Co., Inc. v Rieder*, 19 NY3d 511, 516 [2012] [internal quotation marks omitted]; *see IDT Corp. v Morgan Stanley Dean Witter & Co.*, 12 NY3d 132, 142 [2009]). Thus, "[a] cause of action predicated on a theory of implied contract or quasi-contract is not viable where there is an express agreement that governs the subject matter underlying the action" (*Scott v Fields*, 92 AD3d 666, 669 [2012]; *see IDT Corp. v Morgan Stanley Dean Witter & Co.*, 12 NY3d at 142; *Cox v NAP Constr. Co., Inc.*, 10 NY3d 592, 607 [2008]). Here, the plaintiffs failed to state a cause of action to recover damages for unjust enrichment because the complaint alleged the existence of a contract that governs the subject matter of the action (*see Gym Door Repairs, Inc. v Astoria Gen. Contr. Corp.*, 144 AD3d 1093, 1096-1097 [2016]), and the existence of the contract is not a matter of dispute (*cf. Thompson Bros. Pile Corp. v Rosenblum*, 121 AD3d 672, 674 [2014]).

The Supreme Court also properly granted that branch of the defendants' cross motion which was to dismiss the fifth cause of action, alleging that Tomasino breached the implied covenant of good faith and fair dealing. Such a cause of action must be dismissed if it is merely duplicative of a breach of contract cause of action (*see New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 319-320 [1995]; *Refreshment Mgt. Servs., Corp. v Complete Off. Supply Warehouse Corp.*, 89 AD3d 913, 915 [2011]). Here, the conduct and resulting injury alleged in the fifth cause of action is identical to that alleged in the breach of contract cause of action.

However, the Supreme Court erred in granting that branch of the defendants' cross motion which was to dismiss the first cause of action, alleging that Tomasino breached the agreement, on the ground that the cause of action was barred by the doctrine of res judicata. "Under the doctrine of res judicata, a disposition on the merits bars litigation between the same parties, or those in privity with them, of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior proceeding" (*Blue Sky, LLC v Jerry's Self Stor., LLC*, 145 AD3d 945, 946 [2016]; *see Matter of Josey v Goord*, 9 NY3d 386, 389 [2007]). However, "[w]here a dismissal does not involve a determination on the merits, the doctrine of res judicata does not apply" (*Djoganopoulos v Polkes*, 67 AD3d 726, 727 [2009]; *see Canzona v Atanasio*, 118 AD3d 841, 842 [2014]; *Hae Sheng Wang v Pao-Mei Wang*, 96 AD3d 1005, 1007-1008 [2012]). Here,

the plaintiffs' prior cause of action alleging breach of contract was dismissed in the order dated November 8, 2013, based upon the failure to join necessary parties, which is not a determination on the merits (see CPLR 1003).

The Supreme Court also erred in granting, on the ground of res judicata, that branch of the defendants' cross motion which was to dismiss the third cause of action, seeking to enjoin the defendants from selling the subject combined properties. It was not until after the prior action was dismissed that Tomasino advised Cortazar and the other members of Jackson Bounty that he was invoking a provision of the October 2009 agreement so as to sell the combined properties, rather than develop them, and that a contract of sale had been entered into. Thus, the plaintiffs' cause of action for injunctive relief does not arise from the "same factual grouping or transaction" as his prior causes of action (Valenti v Clocktower Plaza Props., Ltd., 118 AD3d 776, 778 [2014] [internal quotation marks omitted]).

Lastly, the Supreme Court erred in granting that branch of the defendants' cross motion which was to dismiss the fourth cause of action, alleging that Tomasino breached his fiduciary duty, on the ground that it improperly included individual and derivative claims. While "allegations of mismanagement or diversion of assets by officers or directors to their own enrichment, without more, plead a wrong to the corporation only," and a shareholder may not recover in his or her individual capacity for wrongs against the corporation (Abrams v Donati, 66 NY2d 951, 953 [1985]), an exception to that rule exists where the shareholder has sustained a loss disproportionate to that sustained by the corporation (see id. at 953-954). Here, Cortazar commenced the action both in his individual capacity and derivatively, alleging that Tomasino breached his fiduciary duty to Cortazar individually and to Jackson Bounty, resulting in damages to both Cortazar and Jackson Bounty. Cortazar further alleged that he has been harmed disproportionately to other shareholders of Jackson Bounty. Therefore, the cause of action was not subject to dismissal for including individual claims (see id.). Further, contrary to the defendants' contention, this cause of action was not barred by the doctrine of res judicata, since the cause of action alleging breach of fiduciary duty asserted in the prior action was not dismissed on the merits (see Pereira v St. Joseph's Cemetery, 78 AD3d 1141, 1142 [2010]; Di Fabio v Omnipoint Communications, Inc., 66 AD3d 635 [2009]).

Accordingly, those branches of the defendants' cross motion which were to dismiss the first, third, and fourth causes of ac-

tion should have been denied. Mastro, J.P., Sgroi, Maltese and Duffy, JJ., concur.