Abdelfattah v Najar (2019 NY Slip Op 04346)





Abdelfattah v Najar


2019 NY Slip Op 04346


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-03910
 (Index No. 6005/16)

[*1]Hakam Abdelfattah, appellant, 
v
Adnan Najar, et al., respondents, et al., defendant.


Michael T. Sucher, Brooklyn, NY (Andrew M. Shabasson of counsel), for appellant.
Charles E. Boulbol, P.C., New York, NY (Thomas Lane of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to quiet title to real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Pamela L. Fisher, J.), dated February 7, 2017. The order granted the motion of the defendants Adnan Najar, Mohammed Najar, and 887 Fulton Realty, LLC, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendants Adnan Najar, Mohammed Najar, and 887 Fulton Realty, LLC, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them is denied.
The Supreme Court should not have granted the motion of the defendants Adnan Najar, Mohammed Najar, and 887 Fulton Realty, LLC (hereinafter collectively the defendants), pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them on the ground that the action is barred by the doctrine of res judicata. The plaintiff had commenced a prior action against, among others, the defendants, and the complaint in that action was dismissed insofar as asserted against them upon the plaintiff's failure to appear in opposition to their motion to dismiss. An order entered upon a party's default in appearing to oppose a motion to dismiss is not a determination on the merits (see Aguilar v Jacoby, 34 AD3d 706). Where a dismissal does not involve a determination on the merits, the doctrine of res judicata does not apply (see Cortazar v Tomasino, 150 AD3d 668, 670; Pereira v St. Joseph's Cemetery, 78 AD3d 1141). Accordingly, the doctrine of res judicata does not apply to bar the instant action (see Franchise Acquisitions Group Corp. v Jefferson Val. Mall Ltd. Partnership, 73 AD3d 1123).
The defendants' remaining contention, raised as an alternative ground for affirmance, is without merit.
LEVENTHAL, J.P., HINDS-RADIX, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court