Soufer v Baroukhian (2020 NY Slip Op 02491)





Soufer v Baroukhian


2020 NY Slip Op 02491


Decided on April 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2016-11972 
2017-10757
 (Index No. 600365/16)

[*1]Edward Soufer, respondent,
v
Nouri Baroukhian, etc., et al., appellants.


Jan Ira Gellis, P.C., New York, NY, for appellants.
Ira S. Newman, Great Neck, NY (Samuel L. Drukman of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover monies due on a loan agreement, the defendants appeal from (1) an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), entered October 11, 2016, and (2) a judgment of the same court entered November 22, 2016. The order, insofar as appealed from, granted the plaintiff's motion for summary judgment on the complaint and, in effect, pursuant to CPLR 3211(a)(5) to dismiss the counterclaims of the defendant Nouri Baroukhian. The judgment, insofar as appealed from, upon the order, is in favor of the plaintiff and against the defendants in the total sum of $100,510, and dismissed the counterclaims asserted by the defendant Nouri Baroukhian.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is modified, on the law, by deleting the provision thereof in favor of the plaintiff and against the defendants Angel Sabi and Nouri Baroukian, doing business as Consolidated Developers Group, Inc., in the total sum of $100,510, and dismissing the counterclaims of the defendant Nouri Baroukhian; as so modified, the judgment is affirmed, that branch of the plaintiff's motion which was, in effect, pursuant to CPLR 3211(a)(5) to dismiss the counterclaims of the defendant Nouri Baroukhian, is denied, the order modified is accordingly, and those counterclaims are reinstated; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order dated October 5, 2016, must be dismissed because the right of direct appeal therefrom terminated with entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The plaintiff's request to this Court to, in effect, enlarge the record to add a New York State Department of State filing for Soufer Family, LLC, and to take judicial notice, pursuant to CPLR 4511(b), of the date of the initial filing, is denied.
The plaintiff commenced this action asserting causes of action to recover monies due on a loan, and to recover damages for unjust enrichment and fraud. The plaintiff alleged that the defendants, Nouri Baroukhian (hereinafter Baroukhian); Nouri Baroukhian, doing business as Consolidated Developers Group, Inc. (hereinafter Consolidated); and Baroukhian's wife, Angel Sabi (hereinafter collectively the defendants), received a loan from the plaintiff in the amount of $100,000, on October 28, 2014, and agreed to repay the loan within 12 months. The plaintiff further alleged that Baroukhian requested that the check for the loan proceeds be made payable to Sabi, and that the check, which was made payable to Sabi, indicated the "loan" was negotiated and that the defendants received the funds for the $100,000 loan. The plaintiff also alleged that, on or about August 28, 2015, Baroukhian, in a purported attempt to repay the loan, issued a check on the account of Consolidated, but the check was not accepted by the plaintiff's bank for deposit because the numerical value on the check ($100,000) did not match the amount written in words (one hundred dollars) and the loan remains unpaid.
Baroukhian asserted counterclaims relating to an agreement entered into between him and the plaintiff in April 1996 (hereinafter the April 1996 agreement). Baroukhian alleged that, pursuant to the April 1996 agreement, he acquired certain rights in property purchased by the plaintiff, including a right to purchase the property, and that the plaintiff had breached the April 1996 agreement. The plaintiff moved for summary judgment on the complaint and, in effect, pursuant to CPLR 3211(a)(5) to dismiss Baroukhian's counterclaims as time-barred. Sabi and Baroukhian cross-moved for summary judgment on Baroukhian's counterclaims and dismissing the complaint. In an order entered October 11, 2016, the Supreme Court granted the plaintiff's motion and denied the cross motion. Thereafter, a judgment was entered on November 22, 2016, in favor of the plaintiff and against the defendants in the total amount of $100,510, and dismissing the counterclaims.
We agree with the Supreme Court's determination, in effect, granting that branch of the plaintiff's motion which was for summary judgment on the cause of action to recover monies due on the loan agreement insofar as asserted against Baroukhian. The plaintiff established his prima facie entitlement to judgment as a matter of law by demonstrating the existence of an agreement between the plaintiff and Baroukhian, the plaintiff's performance under the agreement, Baroukhian's breach of his contractual obligations, and damages resulting from the breach (see El-Nahal v FA Mgt., Inc., 126 AD3d 667, 668; Dee v Rakower, 112 AD3d 204, 208-209). Contrary to the defendants' contention, Baroukhian's opposition failed to raise a triable issue of fact as to the essential elements of the cause of action.
However, we disagree with the Supreme Court's determination, in effect, that the plaintiff demonstrated his prima facie entitlement to summary judgment on the cause of action to recover monies due on the loan agreement insofar as asserted against Sabi and Consolidated. The plaintiff's evidence failed to establish, inter alia, the existence of an agreement between the plaintiff and either of these two defendants (see El-Nahal v FA Mgt., Inc., 126 AD3d at 668). The plaintiff's evidence also failed to establish the essential elements of the plaintiff's causes of action for unjust enrichment or fraud insofar as asserted against Sabi or Consolidated (see Wells Fargo Bank, N.A. v Burke, 155 AD3d 668, 671; House of Spices [India], Inc. v SMJ Servs., Inc., 103 AD3d 848, 850). Accordingly, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Sabi and Consolidated should have been denied, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
We also disagree with the Supreme Court's determination that the plaintiff established his entitlement to dismissal of the counterclaims on the ground that they were time-barred. As noted by the defendants, the six-year statute of limitations for a breach of contract cause of action begins to run at the time of the contract's breach, not at the time the contract was entered into (see CPLR 213[2]; Ely-Cruikshank Co. v Bank of Montreal, 81 NY2d 399, 402). The plaintiff failed to establish, prima facie, that Baroukhian's counterclaims against the plaintiff for specific performance and to recover damages for breach of contract accrued more than six years prior to when the counterclaims were asserted (see Rodeo Family Enters., LLC v Matte, 99 AD3d 781, 783-784; Swift v New York Med. Coll., 25 AD3d 686, 687).
The plaintiff's remaining contentions regarding the defamation counterclaim, raised for the first time on appeal, are not properly before this Court (see Sarva v Chakravorty, 34 AD3d 438, 439).
DILLON, J.P., MALTESE, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court