F&R Goldfish Corp. v Furleiter (2022 NY Slip Op 06112)

F&R Goldfish Corp. v Furleiter

2022 NY Slip Op 06112

Decided on November 2, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH A. ZAYAS
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2019-11740
 (Index No. 521162/18)

[*1]F & R Goldfish Corp., et al., appellants,
v
Vladimir Furleiter, etc., et al., respondents (and a third-party action).

Jacobs Law, P.C., New York, NY (Eleazar Jacobs of counsel), for appellants.
The Law Office of Roman Popik, P.C., New York, NY, for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, and on an account stated, the plaintiffs appeal from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated August 16, 2019. The order, insofar as appealed from, granted those branches of the defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the causes of action alleging breach of the implied covenant of good faith and fair dealing, unjust enrichment, and to recover on an account stated.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the causes of action alleging breach of the implied covenant of good faith and fair dealing, unjust enrichment, and to recover on an account stated are denied.
Beginning in 2011, the plaintiff F & R Goldfish Corp. (hereinafter Goldfish) supplied the defendants Royal Baltic, Ltd. (hereinafter Royal Baltic), and NY Fish, Inc. (hereinafter NY Fish), with raw fish to smoke and manufacture at a facility located on property owned by the defendant Royal Development, Inc. (hereinafter RDI). In 2012, Royal Baltic and NY Fish ceased operations, at which time they owed Goldfish approximately $375,000. In a settlement proposed by the defendants Vladimir Furleiter and Alexander Kaganovsky, who were principals of Royal Baltic and NY Fish and owners of RDI, Goldfish agreed to accept a 40% interest in Royal Baltic and in NY Fish in exchange for waiving the $375,000 debt, paying the outstanding debts of Royal Baltic and NY Fish, making a capital investment contribution, paying 40% of their operating expenses, and paying rent to RDI. In November 2012, operations resumed at the facility, with the plaintiff New York City Fish, Inc. (hereinafter City Fish), managing the business. Three months later in February 2013, the Food and Drug Administration (hereinafter the FDA) documented violations at the facility, and in May 2013, the federal government commenced an action seeking to enjoin operations at the facility (hereinafter the federal action). NY Fish failed to appear in the federal action. In April 2014, the facility was shut down. During the pendency of the federal action, Goldfish discovered that the FDA had previously permanently enjoined some of the defendants from directly or indirectly participating in any fish-smoking operations. In January 2015, Furfleiter and Kaganovsky dissolved Royal Baltic, and in June 2016, they dissolved NY Fish. In January 2017, the facility achieved [*2]regulatory compliance and operations were permitted to resume. The plaintiffs, pursuant to an additional agreement with Furleiter and Kaganovsky, invested additional capital and provided the inventory needed to resume operations, in exchange for a 19% interest in RDI. In 2018, RDI entered into a contract to sell the property to a third party. Furleiter and Kaganovsky, however, refused to recognize the plaintiffs' 19% interest in RDI, and commenced an eviction proceeding against City Fish for nonpayment of rent. Thereafter, the plaintiffs commenced the instant action, asserting, inter alia, causes of action alleging breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, and to recover on an account stated. In relevant part, the plaintiffs sought to pierce the corporate veil to hold Furleiter and Kaganovsky personally liable for the misconduct of Royal Baltic, NY Fish, and RDI. In their answer, the defendants denied the material allegations of the complaint. The defendants subsequently moved, among other things, pursuant to CPLR 3211(a)(7) to dismiss the causes of action alleging breach of the implied covenant of good faith and fair dealing, unjust enrichment, and to recover on an account stated. In an order dated August 16, 2019, the Supreme Court, inter alia, granted those branches of the motion. The plaintiffs appeal.
"On a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction. We accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88 [citation omitted]; see CPLR 3211[a][7]; Nomura Home Equity Loan, Inc., Series 2006-FM2 v Nomura Credit & Capital, Inc., 30 NY3d 572, 582). Whether a plaintiff can ultimately prove its allegations is not a consideration in determining a motion to dismiss (see EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19). "Furthermore, a fact-laden claim to pierce the corporate veil is unsuited for resolution on a pre-answer, pre-discovery motion to dismiss" (Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 47).
Here, the first cause of action, to recover on an account stated, was premised on the acceptance by Royal Baltic and NY Fish of goods and services provided by Goldfish, without objection, and subsequent damages incurred in the amount of $375,000. The Supreme Court granted that branch of the defendants' motion which was to dismiss this cause of action on the ground that the plaintiffs failed to provide any basis to establish that Furleiter and Kaganovsky "abused the privilege of operating in corporate form by dominating or controlling the corporation."
"Generally, a plaintiff seeking to pierce the corporate veil must show that (1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury" (Cortlandt St. Recovery Corp., 31 NY3d at 47 [internal quotation marks omitted]; see Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 141). "The decision whether to pierce the corporate veil in a given instance depends on the particular facts and circumstances" (Matter of Arben Corp. v Durastone, LLC, 186 AD3d 599, 600 [internal quotation marks omitted]). "Factors to be considered in determining whether the owner has abused the privilege of doing business in the corporate form include whether there was a failure to adhere to corporate formalities, inadequate capitalization, commingling of assets, and use of corporate funds for personal use" (Sky-Track Tech. Co. Ltd. v HSS Dev., Inc., 167 AD3d 964, 965 [internal quotation marks omitted]). A cause of action under the doctrine of piercing the corporate veil is not required to meet any heightened level of particularity in its allegations (see Olivieri Constr. Corp. v WN Weaver St., LLC, 144 AD3d 765, 767; cf. CPLR 3016).
Contrary to the Supreme Court's determination, considering the complaint as a whole (see Manno v Mione, 249 AD2d 372), the plaintiffs adequately pleaded allegations that Furleiter and Kaganovsky dominated Royal Baltic and NY Fish, and that they engaged in acts amounting to an abuse of the corporate form to perpetrate a wrong or injustice against the plaintiffs (see Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d at 141; Baby Phat Holding Co., LLC v Kellwood Co., 123 AD3d 405; Grammas v Lockwood Assoc., LLC, 95 AD3d 1073; Peery v United Capital Corp., 84 AD3d 1201; Gateway I Group, Inc. v Park Ave. Physicians, P.C., 62 AD3d 141).
Moreover, the Supreme Court erred in granting that branch of the defendants' motion which was to dismiss the sixth and seventh causes of action, alleging breach of the implied covenant of good faith and fair dealing and unjust enrichment, respectively, on the ground that these causes of action were duplicative of the breach of contract cause of action.
Where, as here, the existence of a contract, in this case, the alleged agreements involving the plaintiffs' 40% interest in Royal Baltic and NY Fish and 19% interest in RDI, is in dispute, a plaintiff may allege a cause of action to recover damages for unjust enrichment as an alternative to a cause of action alleging breach of contract (see CPLR 3014; El-Nahal v FA Mgt., Inc., 126 AD3d 667, 668; Thompson Bros. Pile Corp. v Rosenblum, 121 AD3d 672, 674). Consequently, the cause of action alleging unjust enrichment was not duplicative of the breach of contract cause of action (see Emby Hosiery Corp. v Tawil, 196 AD3d 462, 465; Plumitallo v Hudson Atl. Land Co., LLC, 74 AD3d 1038, 1039; cf. Bettan v Geico Gen. Ins. Co., 296 AD2d 469, 470). Furthermore, the cause of action alleging breach of the implied covenant of good faith and fair dealing was not duplicative of the breach of contract cause of action since it alleged that the defendants engaged in additional conduct to realize gains from the plaintiffs, while depriving the plaintiffs of the benefits of the parties' agreements (see East Ramapo Cent. Sch. Dist. v New York Schs. Ins. Reciprocal, 199 AD3d 881; A.D.E.. Sys., Inc. v Quietside Corp., 188 AD3d 762; Travelsavers Enters., Inc. v Analog Analytics, Inc., 149 AD3d 1003).
The defendants' remaining contentions are without merit.
BARROS, J.P., ZAYAS, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court