Cortazar v Tomasino (2022 NY Slip Op 06904)

Cortazar v Tomasino

2022 NY Slip Op 06904

Decided on December 7, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH A. ZAYAS
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2019-09931
 (Index No. 701692/14)

[*1]James Cortazar, etc., et al., appellants, 
v
Vincent Tomasino, Jr., et al., respondents, et al., defendants. Courtney A. Bihn, New York, NY, for appellants.

White, Cirrito, Nally & Lynch, LLP, Hempstead, NY (Christopher M. Lynch and Ruskin Moscou Faltischek, P.C. [Jonathan C. Sullivan], of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Queens County (Leonard Livote, J.), dated June 28, 2019. The order, insofar as appealed from, granted those branches of the motion of the defendants Vincent Tomasino, Jr., Jackson Bounty, LLC, and 27-51 Jackson Ave., LLC, which were for summary judgment dismissing the first and fourth causes of action insofar as asserted against the defendant Vincent Tomasino, Jr., and the third cause of action insofar as asserted against the defendants Vincent Tomasino, Jr., and Jackson Bounty, LLC.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff James Cortazar was one of two shareholders of the plaintiff Cojam Realty, Inc. (hereinafter Cojam Realty), which owned a parcel of property located in Long Island City. In October 2009, Cortazar, the defendant Vincent Tomasino, Jr., and other individuals entered into an agreement to form the defendant Jackson Bounty, LLC (hereinafter Jackson Bounty), in order to combine Cojam Realty's parcel with property adjacent to it (hereinafter together the subject properties) and develop a 44-unit condominium on them (see Cortazar v Tomasino, 150 AD3d 668).
In 2014, the plaintiffs commenced this action, inter alia, to recover damages for breach of contract and breach of fiduciary duty, and for injunctive relief. The plaintiffs moved for a preliminary injunction preventing the sale of the subject properties, and Tomasino and Jackson Bounty cross-moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them. In an order dated May 20, 2014, the Supreme Court, inter alia, denied the plaintiffs' motion for a preliminary injunction and reserved decision on the cross motion (see Cortazar v Tomasino, 2014 WL 2991714 [Sup Ct, Queens County]). On May 29, 2014, the plaintiffs filed a notice of pendency against the subject properties. On June 12, 2014, Tomasino and Jackson Bounty moved to vacate the notice of pendency.
In an order dated September 30, 2014, the Supreme Court, inter alia, granted the cross motion of Tomasino and Jackson Bounty to dismiss the complaint insofar as asserted against them. On appeal, this Court, among other things, modified the order by deleting the provision thereof granting those branches of the cross motion of Tomasino and Jackson Bounty which were pursuant [*2]to CPLR 3211(a) to dismiss the first, third, and fourth causes of action insofar as asserted against them, and substituting therefor a provision denying those branches of the cross motion (see Cortazar v Tomasino, 150 AD3d 668).
On October 28, 2014, the Supreme Court granted the motion of Tomasino and Jackson Bounty to vacate the notice of pendency. While the subject properties were thereby unencumbered, Tomasino, as the managing member of Jackson Bounty, sold the subject properties to the defendant 27-51 Jackson Ave, LLC, for the sum of $9 million.
Subsequently, Tomasino, Jackson Bounty, and 27-51 Jackson Ave, LLC (hereinafter collectively the defendants), moved, inter alia, for summary judgment dismissing the first and fourth causes of action insofar as asserted against Tomasino and the third cause of action insofar as asserted against Tomasino and Jackson Bounty. In an order dated June 28, 2019, the Supreme Court, among other things, granted those branches of the motion. The plaintiffs appeal.
The Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the first cause of action insofar as asserted against Tomasino. The first cause of action alleged that Tomasino breached the agreement that formed Jackson Bounty in failing to take certain actions with respect to the development of the subject properties. However, the agreement imposed an obligation on Jackson Bounty, not Tomasino, to take those actions. Jackson Bounty, "[a]s a limited liability company, . . . is a separate legal entity from its members" (Singh v Nadlan, LLC, 171 AD3d 1239, 1240; see Limited Liability Company Law § 609; Bigfoot Media Props., LLC v Cushman In T, LLC, 185 AD3d 772, 773). "A member of a limited liability company cannot be held liable for the company's obligations by virtue of his [or her] status as a member thereof" (Singh v Nadlan, LLC, 171 AD3d at 1240 [internal quotation marks omitted]; see Limited Liability Company Law §§ 609, 610).
The Supreme Court also properly granted that branch of the defendants' motion which was for summary judgment dismissing the third cause of action, which sought a permanent injunction, insofar as asserted against Tomasino and Jackson Bounty. Contrary to the plaintiffs' contention, "[t]he good faith of a purchaser who acquires property for value during the pendency of an appeal 'is not vitiated by the purchaser's actual knowledge of the appeal'" (Singh v Ahamad, 154 AD3d 683, 684, quoting Da Silva v Musso, 76 NY2d 436, 442).
The Supreme Court also properly granted that branch of the defendants' motion which was for summary judgment dismissing the fourth cause of action insofar as asserted against Tomasino. The fourth cause of action alleged that Tomasino breached a fiduciary duty to make all commercially reasonable efforts to develop the subject properties in accordance with the agreement. Contrary to the plaintiffs' contention, the defendants' submissions in support of their motion demonstrated, prima facie, that Tomasino undertook extensive and sustained efforts to obtain approval for the project to develop the subject properties from the New York City Department of Buildings and to obtain the necessary financing. In opposition, the affidavits of the plaintiffs' expert architect and expert real estate developer failed to raise a triable issue of fact with respect to the commercial reasonableness of Tomasino's efforts.
BARROS, J.P., ZAYAS, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court