Housing Trust Fund Corp. v Nugent-Nobles (2025 NY Slip Op 00953)

Housing Trust Fund Corp. v Nugent-Nobles

2025 NY Slip Op 00953

Decided on February 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
ANGELA G. IANNACCI
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2023-04269
2023-09815
 (Index No. 601189/19)

[*1]Housing Trust Fund Corporation, appellant, 
v
Diane Nugent-Nobles, et al., respondents.

d'Arcambal Ousley & Cuyler Burk LLP, New York, NY (Kimberly A. O'Toole, Vedant A. Gokhale, and Mindy Dolgoff of counsel), for appellant.
Diane Nugent-Nobles, Freeport, NY, respondent pro se.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (R. Bruce Cozzens, J.), entered March 3, 2023, and (2) an order of the same court entered July 31, 2023. The order entered March 3, 2023, insofar as appealed from, granted the defendants' motion, in effect, for summary judgment dismissing the complaint. The order entered July 31, 2023, insofar as appealed from, denied that branch of the plaintiff's motion which was for leave to renew its opposition to the defendants' motion, in effect, for summary judgment dismissing the complaint.
ORDERED that the appeal from the order entered July 31, 2023, is dismissed as academic in light of our determination on the appeal from the order entered March 3, 2023; and it is further,
ORDERED that the order entered March 3, 2023, is reversed insofar as appealed from, on the law, and the defendants' motion, in effect, for summary judgment dismissing the complaint is denied; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In January 2014, the plaintiff, Housing Trust Fund Corporation (hereinafter HTFC), in implementing the NY Rising Housing Recovery Program, awarded the defendants funds for the completion of repair work on real property damaged during Hurricane Sandy. Subsequently, HTFC allegedly obtained information indicating that the defendants had received storm recovery benefits from other sources. In March 2017, HTFC requested reimbursement for the allegedly duplicative benefits. In January 2019, the HTFC commenced this action, inter alia, to recover damages for breach of contract, alleging that the defendants had failed to repay the benefits. The defendants moved, in effect, for summary judgment dismissing the complaint. The Supreme Court granted the motion. HTFC appeals.
The statute of limitations must be asserted as an affirmative defense in a responsive pleading (see CPLR 3018[b]) or in a pre-answer motion to dismiss the complaint (see id. § [*2]3211[a][5]); otherwise, a defense on that ground is waived (see id. § 3211[e]; Dougherty v City of Rye, 63 NY2d 989, 991-992; MidFirst Bank v Ajala, 146 AD3d 875). Here, the defendants made no pre-answer motion and failed to raise a statute of limitations defense in their answer. Thus, the defendants waived any defense based on the statute of limitations. In any event, the defendants failed to establish, prima facie, that the action was untimely (see CPLR 213[2]; 214[2]; Soufer v Baroukhian, 182 AD3d 624, 626) or otherwise establish their prima facie entitlement to judgment as a matter of law (see CPLR 3212). Accordingly, the Supreme Court should have denied the defendants' motion, in effect, for summary judgment dismissing the complaint regardless of the sufficiency of HTFC's opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
HTFC's remaining contentions either are without merit or need not be reached in light of our determination.
LASALLE, P.J., IANNACCI, FORD and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court