HLI Rail & Rigging, LLC v Franklin Exhibit Mgt. Group, LLC (2025 NY Slip Op 02330)

HLI Rail & Rigging, LLC v Franklin Exhibit Mgt. Group, LLC

2025 NY Slip Op 02330

Decided on April 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM G. FORD
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2022-01451
 (Index No. 528292/19)

[*1]HLI Rail & Rigging, LLC, appellant, 
v
Franklin Exhibit Management Group, LLC, et al., respondents.

Small Axe Advisors LLC, Lindenhurst, NY (Krishna B. Narine, pro hac vice, of counsel), for appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated January 31, 2022. The order denied the plaintiff's motion pursuant to CPLR 3025(b) for leave to amend the complaint.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, and the plaintiff's motion pursuant to CPLR 3025(b) for leave to amend the complaint is granted.
The defendant Franklin Exhibit Management Group, LLC (hereinafter FEMG), whose sole member is the defendant Aaron L. Scharf, owned an airplane that was no longer airworthy, which it outfitted as a replica of Air Force One, the airplane used by the President of the United States. FEMG used the airplane as an exhibit known as the "Air Force One Experience," for which it sold tickets for entry.
The plaintiff contracted with FEMG to provide certain services with respect to the airplane, including transporting it by barge and land from Rhode Island to National Harbor in Maryland in exchange for $779,000. The plaintiff transported the airplane to National Harbor, and FEMG operated the exhibit there for several months. However, FEMG allegedly never made any payments to the plaintiff pursuant to the contract, and the plaintiff commenced this action, inter alia, to recover damages for breach of contract.
The plaintiff moved pursuant to CPLR 3025(b) for leave to amend the complaint to add allegations related to its request that the Supreme Court pierce the corporate veil and hold Scharf responsible for FEMG's debt to the plaintiff. The proposed amended complaint included allegations that Scharf dominated and exercised complete control of FEMG, that Scharf was FEMG's sole representative and the only individual who communicated with the plaintiff concerning the airplane and who signed the contract, that Scharf and FEMG were both located in the same office suite, that Scharf used the airplane as if he owned it, and that Scharf knew that FEMG was inadequately capitalized to pay for the transportation of the airplane at the time that the parties entered into the contract.
"Generally, '[l]eave to amend a pleading shall be freely given absent prejudice or [*2]surprise resulting directly from the delay unless the proposed amendment is palpably insufficient or patently devoid of merit'" (Spina v Browning Hotel Props., LLC, 230 AD3d 613, 613, quoting Ruland v Leibowitz, 209 AD3d 1051, 1052; see CPLR 3025[b]).
"Broadly speaking, the courts will disregard the corporate form, or, to use accepted terminology, pierce the corporate veil, whenever necessary to prevent fraud or to achieve equity" (Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 47 [internal quotation marks omitted]). "Because a decision whether to pierce the corporate veil in a given instance will necessarily depend on the attendant facts and equities, the New York cases may not be reduced to definitive rules governing the varying circumstances when the power may be exercised" (Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 141). However, "[g]enerally, a plaintiff seeking to pierce the corporate veil must show that (1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury. The plaintiff must adequately allege the existence of corporate obligation and that defendant exercised complete domination and control over the corporation and abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice" (Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d at 47-48 [citations and internal quotation marks omitted]). "[T]he corporate veil will be pierced to achieve equity, even absent fraud, when a corporation has been so dominated by an individual or another corporation and its separate entity so ignored that it primarily transacts the dominator's business instead of its own and can be called the other's alter ego. In determining whether to pierce the corporate veil, [g]enerally considered are such factors as whether there is an overlap in ownership, officers, directors and personnel, inadequate capitalization, a commingling of assets, or an absence of separate paraphernalia that are part of the corporate form" (Midson v Meeting House Lane Med. Practice, P.C., 230 AD3d 673, 678 [citations and internal quotation marks omitted]). Another factor to be considered is whether the corporation and its owners shared "common office space" (New Hackensack Realty, LLC v Lawrence Dev. Realty, LLC, 226 AD3d 799, 804; see Peery v United Capital Corp., 84 AD3d 1201, 1202). "A cause of action under the doctrine of piercing the corporate veil is not required to meet any heightened level of particularity in its allegations" (F & R Goldfish Corp. v Furleiter, 210 AD3d 643, 645), and "a fact-laden claim to pierce the corporate veil is unsuited for resolution on a pre-answer, pre-discovery motion to dismiss" (Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d at 47).
Here, contrary to the contention of the defendants and the conclusion of the Supreme Court, the proposed amendments were neither palpably insufficient nor patently devoid of merit (see Midson v Meeting House Lane Med. Practice, P.C., 230 AD3d at 678; New Hackensack Realty, LLC v Lawrence Dev. Realty, LLC, 226 AD3d at 804; Peery v United Capital Corp., 84 AD3d at 1202). Since it is undisputed that the proposed amendments would not cause prejudice or surprise, the court improvidently exercised its discretion in denying the plaintiff's motion pursuant to CPLR 3025(b) for leave to amend the complaint.
LASALLE, P.J., FORD, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court