Kovalenko v Bhatti Gen. Contr. & Dev., LLC (2025 NY Slip Op 05071)

Kovalenko v Bhatti Gen. Contr. & Dev., LLC

2025 NY Slip Op 05071

Decided on September 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
DEBORAH A. DOWLING
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2023-09956
 (Index No. 505994/23)

[*1]Yosef Simcha Kovalenko, respondent, 
v
Bhatti General Contracting & Development, LLC, et al., appellants.

Polizzotto & Polizzotto, LLC, Brooklyn, NY (Jensen L. Polizzotto and Alfred Pollizzotto III of counsel), for appellants.
Hecht Law Group, PLLC, West Hempstead, NY (Mitchell Hecht of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Kings County (Rupert V. Barry, J.), dated August 9, 2023. The order, insofar as appealed from, denied those branches of the defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against the defendant Farhan Ali Bhatti and the first, second, fourth, fifth, eighth, and ninth causes of action insofar as asserted against the defendant Bhatti General Contracting & Development, LLC.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying those branches of the defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the second, fifth, eighth, and ninth causes of action, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this action against the defendant Bhatti General Contracting & Development, LLC (hereinafter BGCD), and its principal, the defendant Farhan Ali Bhatti. The plaintiff alleged, inter alia, that the defendants breached a construction contract and asserted causes of action, among other things, to recover damages for fraudulent inducement (first cause of action), a violation of General Business Law § 349 (second cause of action), unjust enrichment (fourth cause of action), negligence (fifth cause of action), breach of the implied covenant of good faith and fair dealing (eighth cause of action), and breach of the implied warranty of workmanlike performance (ninth cause of action).
The defendants moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against Bhatti and the first, second, fourth, fifth, eighth, and ninth causes of action insofar as asserted against BGCD. The Supreme Court denied those branches of the defendants' motion, and the defendants appeal.
Generally, a plaintiff seeking to pierce the corporate veil must show (1) that the owners exercised complete domination of the corporation or limited liability company in respect to the transaction attacked, and (2) that such domination was used to commit a fraud or wrong against [*2]the plaintiff that resulted in the plaintiff's injury (see Louis Monteleone Fibres, Ltd. v Hudson Baylor Brookhaven, LLC, 228 AD3d 641, 644). The plaintiff must adequately allege the existence of a corporate obligation and that the defendant exercised complete domination and control over the corporation or limited liability company and abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice (see id.).
Here, in the complaint, the plaintiff sufficiently alleged that Bhatti dominated BGCD and that the defendants engaged in acts amounting to an abuse of the corporate form to perpetrate a wrong or injustice against the plaintiff (see Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 46-47; Gold v 22 St. Felix, LLC, 219 AD3d 588, 590). Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against Bhatti on the ground that he could not be held personally liable.
To prevail on a cause of action alleging fraudulent inducement, "it must be shown that there was a knowing misrepresentation of material present fact, which [was] intended to deceive another party and induce that party to act on it, resulting in injury" (New Hackensack Realty, LLC v Lawrence Dev. Realty, LLC, 226 AD3d 799, 801 [internal quotation marks omitted]). "Where a cause of action . . . is based upon . . . fraud, . . . the circumstances constituting the wrong shall be stated in detail" (CPLR 3016[b]; see Robles v Patel, 165 AD3d 858, 859).
Here, the complaint stated a viable fraudulent inducement cause of action by alleging that the defendants induced the plaintiff to enter into the contract by misrepresenting facts regarding their licenses and their familiarity and compliance with New York regulatory requirements and construction and safety codes. Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was to dismiss the first cause of action, alleging fraudulent inducement.
"The elements of a cause of action to recover [damages] for unjust enrichment are (1) the defendant was enriched, (2) at the plaintiff's expense, and (3) that it is against equity and good conscience to permit the defendant to retain what is sought to be recovered" (Berkovits v Berkovits, 190 AD3d 911, 917 [internal quotation marks omitted]; see Travelsavers Enters., Inc. v Analog Analytics, Inc., 149 AD3d 1003, 1007). "Where the existence of a contract is in dispute, the plaintiff may allege a cause of action to recover [damages] for unjust enrichment as an alternative to a cause of action alleging breach of contract" (El-Nahal v FA Mgt., Inc., 126 AD3d 667, 668; see CPLR 3014; F & R Goldfish Corp. v Furleiter, 210 AD3d 643, 646). Where a defendant does "not have a license to perform home improvements pursuant to . . . Administrative Code of City of New York § 20-387 at the time the contract was entered into and the work was performed[,] . . . the contract [is] unenforceable" (San Sung Korean Methodist Church of N.Y. v Professional USA Constr. Corp., 14 AD3d 501, 502 [internal quotation marks omitted).
Here, in the complaint, the plaintiff alleged that although the plaintiff paid the defendants the sum of $260,000 for a home improvement project, the defendants failed to adequately complete the project. The plaintiff also alleged that the defendants were unjustly enriched at the plaintiff's expense by failing to give the plaintiff a refund for the incomplete portion of the construction project. Since the plaintiff alleged that the defendants were not licensed, which may render the contract unenforceable, the existence of the purported contract does not preclude the plaintiff from asserting an unjust enrichment cause of action (see CPLR 3014; Tzu Yen Cheung v Dolar Shop Rest. Group, LLC, 229 AD3d 738, 740; F & R Goldfish Corp. v Furleiter, 210 AD3d at 646). Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was to dismiss the fourth cause of action, alleging unjust enrichment.
General Business Law § 349(a) provides that "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are . . . unlawful" (see Singh v City of New York, 40 NY3d 138, 147). "To establish a cause of action under General Business Law § 349, a plaintiff must allege that: (1) the defendant's conduct was consumer-oriented; (2) the defendant's act or practice was deceptive or misleading in a material way; and (3) the plaintiff suffered an injury as a result of the deception" (Abraham v Torati, 219 AD3d 1275, 1280; see General Business Law § 349[h]; Himmelstein, McConnell, Gribben, Donoghue & [*3]Joseph, LLP v Matthew Bender & Co., Inc., 37 NY3d 169, 176). "As a threshold matter, plaintiffs claiming the benefit of the statute . . . must charge conduct of the defendant that is consumer-oriented" (Tiffany Tower Condominium, LLC v Insurance Co. of the Greater N.Y., 164 AD3d 860, 863 [alterations and internal quotation marks omitted]; see Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, 85 NY2d 20, 25). "The conduct need not be repetitive or recurring but [the] defendant's acts or practices must have a broad impact on consumers at large; private contract disputes unique to the parties . . . would not fall within the ambit of the statute" (New York Univ. v Continental Ins. Co., 87 NY2d 308, 320 [alteration and internal quotation marks omitted]; see Sakandar v American Tr. Ins. Co., 231 AD3d 759, 760). "A single shot transaction, which is tailored to meet the purchaser's wishes and requirements, does not, without more, constitute consumer-oriented conduct for the purposes of [General Business Law § 349]" (Katsorhis v 718 W. Beech St, LLC, 234 AD3d 744, 749 [citations and internal quotation marks omitted]; see New York Univ. v Continental Ins. Co., 87 NY2d at 321).
Here, in the complaint, the plaintiff failed to allege that the defendants' conduct was consumer-oriented conduct. The plaintiff did not allege that the defendants offered their services to the general consuming public or that the defendants' acts and practices were of a recurring nature and harmful to the public at large (see Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, 85 NY2d at 25; Abraham v Torati, 219 AD3d at 1281). Rather, even liberally construing the complaint, the plaintiff merely alleged a "single-shot transaction outside the scope of" General Business Law § 349 (Teller v Bill Hayes, Ltd., 213 AD2d 141, 148; see Eva Chen Fine Jewelry, Inc. v Recovery Racing IX, LLC, 222 AD3d 840, 842; JP Morgan Chase Bank, N.A. v Hall, 122 AD3d 576, 581). Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was to dismiss the second cause of action, alleging a violation of General Business Law § 349.
"'To establish a cause of action sounding in negligence, a plaintiff must establish the existence of a duty on [the] defendant's part to [the] plaintiff, breach of the duty and damages'" (Katsorhis v 718 W. Beech St, LLC, 234 AD3d at 747, quoting Davila v Orange County, 215 AD3d 632, 633-634). "[A] simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated . . . . This legal duty must spring from circumstances extraneous to, and not constituting elements of, the contract, although it may be connected with and dependent upon the contract" (Kollatz v KOS Bldg. Group, LLC, 188 AD3d 1175, 1178 [internal quotations marks omitted]; see 431 Conklin Corp. v Rice, 181 AD2d 716, 717). However, a "'legal duty independent of contractual obligations may be imposed by law as an incident to the parties' relationship' and . . . several types of defendants—including professionals—can be held liable in tort 'for failure to exercise reasonable care, irrespective of their contractual duties'" (Dormitory Auth. of the State of N.Y. v Samson Constr. Co., 30 NY3d 704, 711, quoting Sommer v Federal Signal Corp., 79 NY2d 540, 551; see Michael Davis Constr., Inc. v 129 Parsonage Lane, LLC, 194 AD3d 805, 806-807). "[T]his independent duty has been imposed based on the nature of the services performed and the defendant's relationship with its customer—specifically, where the defendant 'perform[s] a service affected with a significant public interest [and where the] failure to perform the service carefully and competently can have catastrophic consequences'" (Dormitory Auth. of the State of N.Y. v Samson Constr. Co., 30 NY3d at 711, quoting Sommer v Federal Signal Corp., 79 NY2d at 553).
Here, in the complaint, the plaintiff failed to allege a legal duty independent of the breach of contract cause of action (see id.; 298 Humboldt, LLC v Torres, 197 AD3d 1081, 1084; Kollatz v KOS Bldg. Group, LLC, 188 AD3d at 1179-1179). Likewise, contrary to the plaintiff's contention, General Business Law § 349, General Business Law article 36-A, and Lien Law article 3-A do not impose an additional standard of care upon New York State contractors. Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was to dismiss the fifth cause of action, alleging negligence.
"'Implicit in every contract is a covenant of good faith and fair dealing which encompasses any promise that a reasonable promisee would understand to be included'" (25 Bay Terrace Assoc., L.P. v Public Serv. Mut. Ins. Co., 144 AD3d 665, 667, quoting Elmhurst Dairy, Inc. [*4]v Bartlett Dairy, Inc., 97 AD3d 781, 784). An implied covenant of good faith and fair dealing "cause of action must be dismissed if it is merely duplicative of a breach of contract cause of action" (Cortazar v Tomasino, 150 AD3d 668, 670; see Tiffany Tower Condominium, LLC v Insurance Co. of the Greater N.Y., 164 AD3d at 862).
Here, the eighth cause of action, alleging breach of the implied covenant of good faith and fair dealing, was based on "conduct and [a] resulting injury" that was "identical to that alleged in the breach of contract cause of action" (Cortazar v Tomasino, 150 AD3d at 670; see Hymowitz v Nguyen, 209 AD3d 997, 1002; BT Holdings, LLC v Village of Chester, 189 AD3d 754, 759). Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was to dismiss the eighth cause of action.
While there is an implied housing merchant warranty "for the sale of a newly constructed home" (Milstein v Incorporated Vil. of Port Jefferson, 154 AD2d 442, 443; see Caceci v Di Canio Constr. Corp., 72 NY2d 52, 56), for an alleged breach of a guarantee that renovations would be performed in a certain manner or in a nonnegligent manner, "[n]o warranty attaches to the performance of a service" (Town of Poughkeepsie v Espie, 41 AD3d 701, 706 [internal quotation marks omitted]; see Milau Assoc. v North Ave. Dev. Corp., 42 NY2d 482, 488). Here, the implied warranty does not apply because the contract was for renovations to the plaintiff's current home, not a newly constructed home that was being sold (cf. Caceci v Di Canio Constr. Corp., 72 NY2d at 56; Milstein v Incorporated Vil. of Port Jefferson, 154 AD2d at 442-443). Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was to dismiss the ninth cause of action, alleging breach of the implied warranty of workmanlike performance.
In light of our determination, we need not reach the defendants' remaining contention.
MILLER, J.P., DOWLING, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court